Lawrence E. Buterman
Direct Dial: 212.906.1264
lawrence.buterman@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

October 24, 2019

**VIA ECF AND EMAIL**

The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

   Re: *Relevent Sports, LLC v. United States Soccer Federation, Inc.*,
      Case No. 1:19-cv-08359 (VEC)

Dear Judge Caproni:

  On behalf of Defendant United States Soccer Federation, Inc., we write to request permission to file the enclosed joint letter in the above-captioned case under seal, pursuant to Rule 5.A of Your Honor's Individual Practices in Civil Cases.  Plaintiff Relevent Sports, LLC ("Relevent") does not oppose this request.  U.S. Soccer makes this request because the joint letter contains information that both U.S. Soccer and Relevent are contractually required to keep confidential.  Specifically, the redacted portions of pages 3, 4, and 5 of the joint letter contain information that U.S. Soccer and Relevent are required to keep confidential pursuant to a confidential agreement between the parties.  The Court previously sealed aspects of Relevent's Complaint that discuss the same confidential information that is sought to be sealed here.  *See* Dkt. No. 8.

  The Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), explained that the presumption of public access to judicial documents rests on the notion that public monitoring of the work of the federal courts "is an essential feature of democratic control. … Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions." Once a court has determined that the documents sought to be sealed are judicial documents to which a common law presumption of access attaches, it must determine the weight of that presumption.  *Id.* at 119.

  At the same time, this Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents in [its] courts."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  And under Second Circuit law, a confidentiality agreement may form the basis for a sealing order.  *See DiRussa v. Dean Witter Reynold, Inc.*, 121 F.3d 818, 828 (2d Cir. 1997).  The narrowly tailored portions of the parties' joint letter contain information that U.S. Soccer and Relevent are required to keep confidential pursuant to a confidential agreement.  The information sought to be filed under seal is of a

LATHAM&WATKINS LLP

limited quantity, as it accounts for approximately 5 percent (.25 out of 5 pages) of the substance of the joint letter.  This further supports the issuance of a sealing order.  *See Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 U.S. Dist. LEXIS 107801, at *42 (S.D.N.Y. July 31, 2012).

Accordingly, U.S. Soccer respectfully requests that the Court issue an order permitting it to file (1) a redacted version of the joint letter for the public docket and (2) an unredacted version of the joint letter under seal.

Respectfully submitted,

/s/ Lawrence E. Buterman
Lawrence E. Buterman
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
lawrence.buterman@lw.com

*Attorneys for Defendant United States Soccer Federation, Inc.*

cc:  All counsel of record (via ECF and email)