Lawrence E. Buterman
Direct Dial: (212) 906-1264
lawrence.buterman@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

September 11, 2020

**VIA ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *Relevent Sports, LLC v. United States Soccer Federation, Inc.*,
No. 1:19-cv-08359-VEC

Dear Judge Caproni,

We represent Defendant United States Soccer Federation, Inc. ("U.S. Soccer") in the above-referenced action, and are writing regarding Plaintiff Relevent Sports, LLC's ("Relevent") pending motion for leave to amend its complaint.  ECF No. 51.

Your Honor's July 20, 2020 Order dismissing Relevent's original complaint without prejudice provided that Relevent could move to amend its complaint and that if it did, it must plead facts "sufficient to support the exercise of personal jurisdiction over FIFA."  ECF No. 47 at 19. The Order explains that "[a]lternatively, Plaintiff may choose to join FIFA to this action."  *Id*.  On September 1, 2020, Relevent filed a motion for leave to file its proposed amended complaint, which names FIFA as a defendant in this action.  ECF No. 51.

U.S. Soccer believes that Relevent's amended pleading cannot be maintained for many of the same reasons that applied to Relevent's original complaint.  However, in light of Relevent's decision to join FIFA in this action, U.S. Soccer's submits that the most efficient avenue for addressing the deficiencies is within the Fed. R. Civ. P. 12(b) framework rather through an opposition to Relevent's Fed. R. Civ. P. 15 motion to amend.

*First*, as a practical matter, whether the parties argue under Rule 15 or Rule 12(b), the same legal standards govern.  *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) ("A proposed amendment to a complaint is futile when it 'could not withstand a motion to dismiss.'") (citation omitted)).  As such, proceeding with a motion to dismiss will avoid duplicative briefing from both U.S. Soccer and Relevent.  *Second* (and perhaps more importantly), as this Court is

**LATHAM&WATKINS**LLP

aware, a critical issue in this case is whether this Court can properly exercise jurisdiction over FIFA.  By proceeding with a motion to dismiss, the Court will have the benefit of FIFA's arguments regarding that issue as it decides whether the amended complaint can be maintained.  In contrast, were U.S. Soccer to proceed via Rule 15, the Court would likely have to examine jurisdiction over FIFA before FIFA had the opportunity to address the issue.

Accordingly, U.S. Soccer's current intention is not to oppose Relevent's motion to amend, but instead to reserve all of its arguments in favor of dismissal and present them pursuant to a Rule 12(b) motion to dismiss.  U.S. Soccer met and conferred with Relevent's counsel regarding this proposal.  During those conversations, Relevent's counsel was amenable to U.S. Soccer proceeding with a Rule 12(b) motion to dismiss as opposed to filing an opposition to Relevent's Rule 15 motion.  And, Relevent and U.S. Soccer had initial discussions about a potential briefing schedule that might be acceptable to both sides (in which Defendant(s) had 60 days to file motion to dismiss papers, and Relevent was given equal time to oppose).  However, the parties failed to reach agreement on the when that schedule should begin.  Relevent does not believe Defendants' motions need to be on the same schedule, and asserts that U.S. Soccer's motion "clock" should begin when the amended complaint is filed.  U.S. Soccer, in contrast, believes that for efficiency purposes the parties should proceed on the same schedule, which would therefore need to be keyed off of the date Relevent effectuates service on FIFA.

Were this Court to adopt Relevent's proposed start date, in all likelihood U.S. Soccer and FIFA would end up briefing the same issues on different schedules.  That would lead to inefficiencies and unnecessary duplication, given that there likely will be significant overlap between the arguments U.S. Soccer and FIFA will be raising.  Indeed, were Relevent's staggered briefing proposal accepted, Relevent could raise arguments relevant to U.S. Soccer in the context of FIFA's Rule 12(b) briefing *after* U.S. Soccer's motion has been fully briefed.  That would, of course, be patently unfair.

Accordingly, U.S. Soccer respectfully requests that the Court adopt U.S. Soccer's proposal and set a briefing schedule that requires motions to dismiss 60 days following effectuation of service on FIFA, with 60 days for Plaintiff's opposition, and 30 days for Defendants' replies.

Alternatively, if the Court prefers that U.S. Soccer present its arguments regarding the infirmities in the proposed amended complaint in response to Relevent's motion for leave, U.S. Soccer will do so.  In that case, U.S. Soccer would request a 45-day extension from the existing due date to submit its opposition.

Respectfully submitted,

/s/ Lawrence E. Buterman
Lawrence E. Buterman
of LATHAM & WATKINS LLP

cc: All parties via ECF