

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JEFFREY L. KESSLER**
Partner
(212) 294-4698
jkessler@winston.com

September 14, 2020

<u>VIA ECF</u>
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

> Re:    ***Relevent Sports, LLC v. United States Soccer Federation, Inc.***,
> **No. 19-cv-08359(VEC)**

Dear Judge Caproni:

This firm represents Plaintiff Relevent Sports, LLC ("Relevent") in the above-captioned action.  We write in response to Defendant United States Soccer Federation, Inc.'s ("USSF") letter dated September 11, 2020 (ECF No. 54, "Ltr."), seeking an effective stay of this litigation while Relevent proceeds to effectuate service of its Amended Complaint on Fédération Internationale de Football Association ("FIFA") in Switzerland through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention").[1]  As an initial matter, USSF has indicated that it does not oppose the proposed amendment (Ltr. at 2), and Relevent submits that its Amended Complaint should accordingly be permitted without further briefing.  The additional and extended delay USSF seeks, however, is both inconsistent with sound judicial administration and would impose patent inequities on Relevent.  For these reasons, the delay in proceedings requested by USSF should be denied.

*First*, an indeterminate stay until FIFA is served in Switzerland would prejudice Relevent's ability to expeditiously proceed with this case, which has now been pending for more than one year.  "[C]ourts generally give weight to a plaintiff's strong interest in proceeding with its litigation," and "absent a showing of undue prejudice upon [a] defendant . . . there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*, 2010 WL 3743826, at *12-13 (S.D.N.Y. Sept. 24, 2010) (denying motion to stay case until all foreign defendants are served) (quoting *Hicks v. City*

---

[1] While Relevent will work diligently to serve FIFA as expeditiously as possible, the Hague Convention requires that Relevent utilize Switzerland's Central Authority for the Hague Service Convention in order to effectuate service; a process that can take months.  *See* U.S. Department of State, Bureau of Consular Affairs, *Switzerland Judicial Assistance Country Information* TRAVEL.STATE.GOV., https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Switzerland.html (last updated Nov. 15, 2013); Hague Conference on Private International Law, *Switzerland - Central Authority & practical information*, HCCH.NET, https://www.hcch.net/en/states/ authorities/details3/?aid=276 (last updated Apr. 5, 2016).



September 14, 2020
Page 2

*of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)).  USSF falls well short of making this required showing, arguing instead that its delayed briefing schedule should be ordered because it speculates that "*in all likelihood* [USSF] and FIFA would end up briefing the same issues" and "Relevent *could* raise arguments relevant to [USSF]" in later briefing with FIFA.  Ltr. at 2 (emphases added).  The Southern District has rejected arguments of this nature as insufficient to justify prejudicing a plaintiff like Relevent by impeding prosecution of its claims.  *E.g., Export-Import*, 2010 WL 3743826 at *12 (denying stay pending service despite contention that "each foreign party would no doubt make similar arguments").

Tellingly, USSF has not cited any authority for the proposition that this Court should stay this action until FIFA is served.  *See generally* Ltr.  This is unsurprising, as cases routinely proceed against domestic defendants while a plaintiff works to effect service on foreign defendants.  *See e.g.*, *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 330 & n.1 (S.D.N.Y. 2008) (domestic defendants responded to complaint while plaintiff attempted service on foreign defendants); *Prods & Ventures Int'l v. Axus Stationary Ltd.*, 2017 WL 1378532, at *1, 3 (N.D. Cal. Apr. 11, 2017) (court adjudicated "multiple rounds of motions to dismiss" with served defendants while waiting for foreign defendants to be served).  Where, as here, a defendant cites no countervailing authority to demonstrate that the court should diverge from this practice, postponement of the proceedings should be denied.  *See Export-Import*, 2010 WL 3743826 at *12.

*Second*, USSF is simply incorrect that proceeding while Relevent works to serve FIFA would be inefficient or cause any prejudice to USSF.  While the Court has determined that FIFA is a necessary party to the extent that Relevent intends to pursue injunctive relief, it made clear that Relevent may proceed with a damages action against USSF in the absence of FIFA.  ECF No. 47 at 15 n.12.  Thus, contrary to USSF's assertion (Ltr. at 1-2), whether the Court may exercise personal jurisdiction over FIFA is only "a critical issue in this case" with respect to whether Relevent is entitled to injunctive relief—an ultimate remedy issue that need not be addressed at this juncture, as it has no effect on whether USSF can be held liable for its participation in the alleged conspiracy in restraint of trade.  Moreover, USSF can easily avoid any purported duplication of effort in contesting the availability of injunctive relief in FIFA's absence or raising FIFA's jurisdictional arguments by not addressing them in its motion to dismiss.  Indeed, there is no longer any issue under Rule 19—as FIFA has been joined—and whether the Court may exercise personal jurisdiction over FIFA is a question for FIFA to address, not USSF.  There is simply no reason or basis for USSF to seek to adjudicate these issues in its motion to dismiss.

The proper way to proceed is to determine whether FIFA is subject to this Court's jurisdiction when FIFA appears.  It is possible, for example, that FIFA will not contest personal jurisdiction and there will be no question for the court to decide at all.  But even if FIFA does challenge the Court's jurisdiction, USSF will not suffer any prejudice by having had its motion to dismiss on other grounds adjudicated first since the damages claims against USSF would proceed in any event and the availability of injunctive relief can be determined by the Court after it rules on any jurisdictional challenge by FIFA.  USSF does not even attempt to demonstrate, as it must, that its unfounded efficiency concerns outweigh the prejudice that would be imposed on Relevent by an indeterminate delay of its case.  *Export-Import*, 2010 WL 3743826 at *13 (declining to delay



September 14, 2020
Page 3

proceedings where defendant failed to make out clear case of hardship but where plaintiff "would be prejudiced" by a "delay [in its] right to pursue recovery").

The motion to dismiss arguments that USSF plans to raise regarding the merits of Relevent's Amended Complaint can and should be asserted without delay, once the Amended Complaint is filed, so that this case can move forward. This is especially so in light of the Department of Justice's warning letter to USSF and FIFA, which strongly supports the determination that Relevent's antitrust claims against USSF are, at the very least, plausible. *See* Mem. ISO Mot. to Amend at 10-12 (ECF No. 51); Am. Compl. Ex. 1. What's more, with its response to Relevent's Motion to Amend due tomorrow, USSF waited until nearly the last possible moment to inform Relevent of its intention not to oppose the filing of the Amended Complaint, and it waited even longer before it shared its proposed elongated schedule with the Court. USSF has not offered any explanation for why it did not seek relief from the schedule mandated by the Court's Local Rules at an earlier time or why it is not prepared to either simply consent to the filing of the Amended Complaint or to file an opposition to Relevent's Motion tomorrow.

For all of the above reasons, Relevent's Motion to Amend should be granted and USSF should be required to answer or respond to the Amended Complaint by a date certain that is no later than 60 days after the Amended Complaint is filed.

Respectfully submitted,

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

cc:     All Counsel of Record (via ECF)