# EXHIBIT 1



**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

**MAKAN DELRAHIM**
Assistant Attorney General

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
(202) 514-2401 / (202) 616-2645 (Fax)

March 16, 2020

**Via Regular and Electronic Mail:**

Mr. Gianni Infantino
Fédération Internationale de Football Association
FIFA-Strasse 20 P.O. Box 8044
Zurich, Switzerland

Ms. Cindy Parlow Cone
United States Soccer Federation
1801 S. Prairie Ave.
Chicago, IL 60616

    Re:    Potential Rule Change Regarding International League Matches

Dear Mr. Infantino and Ms. Parlow Cone,

    The Antitrust Division of the U.S. Department of Justice (the "Division") has learned that the Fédération Internationale de Football Association ("FIFA") is considering a rule that would require league matches to "take place on the territory of the member association concerned."[1]  The effect of the proposed rule would be to prevent non-U.S. teams from playing league matches within the United States and, conversely, prevent U.S. teams from playing league matches in other countries.  The Division, as it protects competition for the benefit of American consumers and soccer players, writes to draw your attention to its concerns that may arise if FIFA adopts its proposed rule.

---

[1] FIFA, *Football stakeholders agree further steps in the reform of the transfer system* (Feb. 27. 2020), https://www.fifa.com/who-we-are/news/football-stakeholders-agree-further-steps-in-the-reform-of-the-transfer-system.

Potential Rule Change Regarding International League Matches
March 16, 2020
2

      The Division enforces the United States' antitrust laws for the benefit of American consumers. The U.S. antitrust laws prohibit competitors from, among other conduct, agreeing to divide geographic markets among themselves.[2] Market allocation is a *per se* violation of the U.S. antitrust laws. Sports organizations are not categorically immune from liability under the rules.[3] In particular, they apply to FIFA and its affiliates, including the United States Soccer Federation ("USSF"), in the same manner that they apply to any other organization whose activities substantially affect the United States.[4]

      We specifically are concerned that FIFA could violate U.S. antitrust laws by restricting the territory in which teams can play league games. Indeed, courts have taken the same view toward similar conduct. For example, the U.S. Court of Appeals for the Ninth Circuit in *Los Angeles Memorial Coliseum Commission v. National Football League*, 726 F.2d 1381 (9th Cir. 1984), recognized that territorial allocation among NFL teams "was not reasonably necessary to the production and sale of the NFL product."

      While the Division recognizes that some restraints on competition may be necessary for FIFA to regulate players, teams, and leagues, the proposed rule "does not, however, fit into the same mold as do rules defining the conditions of the contest, the eligibility of participants, or the manner in which [teams and leagues] share the responsibilities and the benefits of the total venture."[5]

      We appreciate your attention to the Antitrust Division's concerns as you consider changes to FIFA's rules.

Sincerely,

Makan Delrahim

---

[2] *See, e.g., Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46, 49–50 (1990).
[3] *See, e.g., Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Oklahoma*, 468 U.S. 85, 104 (1984).
[4] U.S. Dep't of Justice & Fed. Trade Comm'n, *Antitrust Guidelines for International Enforcement and Cooperation* (rev'd Jan. 13, 2017) § 3 ("It is well established that the federal antitrust laws apply to foreign conduct that has a substantial and intended effect in the United States."), https://www.justice.gov/atr/internationalguidelines/download.
[5] *Nat'l Collegiate Athletic Ass'n*, 468 U.S. at 116.