

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

JEFFREY L. KESSLER
Partner
(212) 294-4698
JKessler@winston.com

March 29, 2021

**VIA ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *Relevent Sports, LLC v. United States Soccer Federation, Inc.*,
              No. 19-cv-08359-VEC

Dear Judge Caproni:

      This firm represents Plaintiff Relevent Sports, LLC ("Relevent") in the above-captioned action. We write to respectfully submit for the Court's consideration the Supreme Court's recent decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, No. 19–368 (Mar. 25, 2021), attached hereto as **Exhibit A**. This supplemental authority is relevant to resolving Fédération Internationale de Football Association's ("FIFA") pending motion to dismiss Relevent's amended complaint. ECF No. 68. Specifically, the *Ford Motor Co.* decision reinforces that this Court may constitutionally exercise specific personal jurisdiction over FIFA.

      To satisfy due process for specific personal jurisdiction, a plaintiff's claims must "arise out of or relate to" the defendant's contacts with the forum state. Ex. A at 6; *accord* ECF No. 69 at 12. In *Ford Motor Co.*, an out-of-state defendant (Ford) that marketed its cars and licensed dealers in the forum state and caused injury to an in-state plaintiff argued that the plaintiff's claim did not "arise out of or relate to" Ford's in-state contacts because those contacts did not cause the plaintiff's injuries. Ex. A at 8. The Supreme Court rejected this "causation-only approach," holding that the "relate to" clause of the due process standard requires only "a 'connection' between a plaintiff's suit and a defendant's activities," not a "causal showing." *Id.*

      Here, an out-of-state defendant (FIFA) that markets its games and licenses match agents in the forum state (New York) and caused injury to an in-state plaintiff (Relevent) argues that Relevent's "claims do not 'arise out of or relate to'" FIFA's in-state contacts because those contacts are not "a proximate cause of [Relevent]'s injury." ECF No. 69 at 14. *Ford Motor Co.* expressly forecloses this argument. Indeed, the decision makes clear that FIFA's litany of contacts with New York (*see, e.g.*, ECF No. 77 at 22) are sufficiently connected with Relevent's claims to provide this Court with specific personal jurisdiction over FIFA.



March 29, 2021<br>Page 2

      For these reasons, and the reasons set forth in Relevent's opposition brief, FIFA's motion to dismiss the amended complaint should be denied.

      Relevent appreciates the Court's time and attention to this matter.

Respectfully submitted,<br><br>/s/ <i>Jeffrey L. Kessler</i><br>Jeffrey L. Kessler

cc:    All Counsel of Record (via ECF)