Lawrence E. Buterman
Direct Dial: +1 (212) 906-1264
lawrence.buterman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 24, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *Relevent Sports, LLC v. Fédération Internationale de Football Association & United States Soccer Federation, Inc.*, No. 19-cv-08359-VEC

Dear Judge Caproni:

We write in response to the letter dated June 23, 2021, submitted by Plaintiff Relevent Sports, LLC ("Relevent") in the above-captioned action. Contrary to Relevent's suggestion, the Supreme Court's decision in *National Collegiate Athletic Association v. Alston*, No. 20-512 (June 21, 2012), does not bear on the critical issue underlying U.S. Soccer's motions to dismiss—whether Relevent has plausibly alleged any kind of conscious commitment to a common scheme in violation of Section 1 of the Sherman Act.

The issues presented and the Supreme Court's holdings in *Alston* have nothing to do with the pleading issues before this Court. Indeed, in *Alston*, the foundational issue of whether there was an agreement or concerted action was *conceded* by the NCAA: "[T]his suit involves *admitted horizontal price fixing* in a market where the defendants exercise monopoly control." *Alston*, slip. op. at 14 (emphasis added); *see also id.* at 8 ("The NCAA did not 'contest evidence showing' that it and its members have agreed to compensation limits on student athletes[.]" (citation omitted)). Accordingly, nothing in the Supreme Court's decision changes the fact that Relevent still has not alleged any "agreement" between FIFA, U.S. Soccer, or anyone else in violation of Section 1.

Unlike here, *Alston* did not involve a question of whether there was an agreement under Section 1 at all; the NCAA conceded that there was an agreement. Rather, the NCAA argued that its student-athlete compensation restrictions (admittedly the product of concerted action) should be *entirely exempt* from a traditional rule of reason analysis under the Sherman Act:

> [W]e focus only on the objections the NCAA *does* raise. Principally, it suggests that the lower courts erred by subjecting its compensation restrictions to a rule of reason analysis. In the NCAA's view, the courts should have given its restriction

at most an "abbreviated deferential review," or a "quick look," before approving them.

*Id.* at 15 (citation omitted and emphasis in original). The Court rejected that proposition:

> To the extent [the NCAA] means to propose a sort of judicially ordained immunity from the terms of the Sherman Act for its restraint of trade—that we should overlook its restrictions because they happen to fall at the intersection of higher education, sports, and money—we cannot agree. This Court has regularly refused materially identical requests from litigants seeking special dispensation from the Sherman Act on the ground that their restraints of trade serve uniquely important social objectives beyond enhancing competition.

*Id.* at 22.

Neither FIFA nor U.S. Soccer are advocating for any sort of truncated rule of reason analysis of any FIFA rule or policy. Rather, the issue here is much more fundamental: whether, beyond normal rules compliance by a FIFA national federation, Relevent has alleged any *facts* suggesting that there was some anticompetitive agreement—horizontal or vertical—between FIFA and U.S. Soccer, or any of the other thousands of FIFA confederations, national federations, leagues, and teams to boycott Relevent's desired soccer matches. As described in U.S. Soccer's motion to dismiss, reply brief, and at oral argument, Relevent has not even alleged such an unlawful agreement.

*Alston* is therefore of no help to Relevent on Defendants' motions to dismiss.

Respectfully submitted,

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
of LATHAM & WATKINS LLP

*Counsel for Defendant United States Soccer Federation, Inc.*