PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3061

WRITER'S DIRECT FACSIMILE
(212) 492-0061

WRITER'S DIRECT E-MAIL ADDRESS
cboehning@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

June 25, 2021

**By ECF**

Hon. Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*Relevent Sports, LLC* v. *FIFA et al.*, No. 19-cv-8359 (VEC)

Dear Judge Caproni:

  This firm represents Fédération Internationale de Football Association ("FIFA") in the above-captioned matter. We write in response to the notice of supplemental authority filed by Plaintiff Relevent Sports, LLC ("Relevent") on June 23, 2021, concerning the Supreme Court's decision in *National Collegiate Athletic Ass'n* v. *Alston*, No. 20-512 (June 21, 2021).

  Contrary to Relevent's suggestion, *Alston* changes nothing with respect to the insufficiency of Relevent's pleading. *Alston* involved a challenge to a series of NCAA rules adopted by the members of the NCAA. Slip op. at 8 ("Specifically, they alleged that the NCAA's rules violate §1 of the Sherman Act . . . ."). The NCAA did not contest that the rules formally adopted by its members constituted concerted action within the meaning of Section 1 of the Sherman Act; the only issue was whether the NCAA's rules violated the rule of reason.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Valerie E. Caproni     2

In contrast, Relevent's Amended Complaint does not challenge FIFA's rules themselves, but rather an alleged horizontal conspiracy among sports leagues and teams to divide geographic markets. (*See* Am. Compl., ECF No. 57, ¶ 4 ("Horizontally, it is an agreement among the FIFA-affiliated top-tier men's professional soccer leagues and their teams, who are actual and potential competitors with one another, to geographically allocate the markets in which they are permitted to stage official season games, including in the U.S. market.").) Unlike the colleges and conferences that participate in the NCAA, the supposed league and team conspirators at the center of Relevent's allegations are not members of FIFA. In its opposition to the motions to dismiss, Relevent explained that it is alleging that FIFA's rules are *evidence* of the alleged horizontal conspiracy involving these leagues and teams: "FIFA's pronouncements and written rules are direct *evidence* of Defendants' and their alleged conspirators' conscious commitment to this common scheme." (Relevent Opp., ECF No. 77, at 32 (emphasis supplied).)

In order to make out the horizontal conspiracy to divide markets alleged in the Amended Complaint, Relevent would have had to allege facts showing "an agreement [among FIFA's members] to agree to vote a particular way." *North American Soccer League, LLC v. United States Soccer Federation, Inc.*, 883 F.3d 32, 39 (2d Cir. 2018). As set forth in FIFA's briefs (FIFA Mot., ECF No. 69; FIFA Reply, ECF No. 79), the Amended Complaint is entirely devoid of such allegations.

Moreover, even if Relevent had brought a challenge to FIFA's rules themselves, *Alston* disposes of Relevent's assertion that any such challenge would be considered under the *per se* rule. The NCAA argued that its rules on player compensation should be upheld under a very cursory application of the rule of reason, but the Supreme Court held that those rules should instead be analyzed under "ordinary rule of reason review." Slip. op. at 18. As set forth in FIFA's Motion to Dismiss and during argument on June 15, Relevent's allegations are entirely insufficient under the rule of reason, since the relevant product and geographic markets it alleges are facially gerrymandered and subject to dismissal under Second Circuit precedent. (FIFA Mot., ECF No. 69, at 20–23; FIFA Reply, ECF No. 79, at 8–9; Tr. of 6/15/21 Argument at 19:12–21:24, 24:12–25:1.)

Finally, although the recent oral argument on Defendants' motions to dismiss focused solely on substantive antitrust issues, FIFA also has raised the absence of personal jurisdiction and respectfully refers the Court to its briefs on that subject. (FIFA Mot., ECF No. 69, at 7–15; FIFA Reply, ECF No. 79, at 1–6.)

                                          Respectfully submitted,

                                          */s/ H. Christopher Boehning*

                                          H. Christopher Boehning

cc:      All Counsel of Record (via ECF)