USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RELEVENT SPORTS, LLC,

                     Plaintiff,

                     v.

FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION and UNITED STATES SOCCER FEDERATION, INC.,

                     Defendants.

Civil Action No. 19-cv-8359 (VEC)

## STIPULATED PROTECTIVE ORDER

     THIS MATTER is before the Court on the parties' consent to enter a Protective Order to govern and protect the Disclosure of Protected Information in this action, including such materials produced by non-parties, consistent with Rule 26(c) of the Federal Rules of Civil Procedure. The Court hereby enters the following protective order.

### DEFINITIONS

     1.     The following definitions shall apply to this Order:

          (a) "Confidential Information" means any information or tangible thing that a Producing Person reasonably and in good faith considers to contain confidential business, financial, personal or other information subject to protection under federal or state law, or any other applicable legal standard. Confidential Information covers both any physical document and the information contained

therein. As set forth below, Confidential Information will be designated as "CONFIDENTIAL."

(b) "Confidential Information – Attorneys' Eyes Only" means any information or tangible thing that a Producing Person reasonably and in good faith considers to contain highly sensitive information which, if Disclosed, may cause competitive harm, or, even if Disclosed pursuant to the terms of this Order, could reasonably threaten significant harm to that party's business interests. As set forth below, this information will be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) "Disclose" or "Disclosure" means, without limitation,

   i. to show, give, produce, publish, make available, paraphrase, summarize, excerpt, or otherwise communicate, in whole or in part, by any means whatsoever, or

   ii. to allow, or fail to take reasonable steps to prevent, any action listed in Paragraph 1(c)(i).

(d) "Defendants" mean the Fédération Internationale de Football Association ("FIFA") and the United States Soccer Federation, Inc. ("USSF").

(e) "Document" and "Electronically Stored Information (ESI)" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure.

(f) "Final Disposition" of this action means the later of (i) dismissal of all claims and defenses in this action with prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

2

review of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(g) "In-House Counsel" means attorneys who are employees of a party or its affiliates.

(h) "Outside Counsel" means attorneys, along with their paralegals and other support personnel, who are not employees of a party to this action, but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

(i) "Plaintiff" means Relevent Sports, LLC ("Relevent").

(j) "Producing Person" means any person, including any party or non-party, that produces Protected Information in this action.

(k) "Protected Information" means any information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only.

(l) "Receiving Person" means any person that receives Protected Information under this Order.

## DESIGNATION OF PROTECTED INFORMATION

2. A Producing Person may designate all or any part of a Document as Protected Information. Such designations constitute a representation to the Court that the Producing Person in good faith believes that the information is reasonably believed not to be already in the public domain, and that the information so designated constitutes Protected Information as defined above. Such designations may be made with respect to any information, regardless of the manner in which it is Disclosed, including, without limitation, responses to document requests, interrogatory

responses, responses to requests for admission, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing Protected Information.

3. The Producing Person shall affix the following designation on any Confidential Information: "CONFIDENTIAL." The Producing Person shall affix the following designation on Confidential Information – Attorneys' Eyes Only information: "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation shall appear on each page or other portion of the document that is believed to Disclose Protected Information, with the exception that for spreadsheets or other materials produced in native format, the designation need only appear on the TIFF placeholder.

4. To the extent that ESI is produced in native format, the Producing Person may designate such Protected Information by including a label in the file or directory name or a cover letter referring generally to such matter, and by affixing (where possible) a label on the ESI or its casing indicating the applicable designation.

5. If a duplication process does not initially preserve the confidentiality designations that appear on original documents, all such copies shall be stamped with the same confidentiality designation as the original.

6. Information that qualifies for protection under this Order must be clearly so designated before the information is Disclosed or produced. Notwithstanding the preceding sentence, should a Producing Person discover that it Disclosed Protected Information without designating it in accordance with this Order, the Producing Person must provide prompt written notice to all persons receiving the information that the material should be treated as Protected Information. Upon receipt of such notice, the Receiving Person shall treat such information as

Protected Information and, upon receipt of properly designated material, shall return or destroy any unmarked copies.

7.      The Disclosure of Protected Information without being designated as such at the time of the Disclosure shall not be deemed a waiver in whole or in part of a party's claim to designate the information Protected Information, either as to the specific information Disclosed or as to any other information relating to or on the same or related subject matter.

8.      If a party believes that a Producing Person's designation of information as Protected Information is not warranted, the party shall first make a good-faith effort to resolve such a dispute with counsel for the Producing Person.  In the event that the parties cannot resolve such a dispute, any party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

## SCOPE

9.      The terms of this Order apply not only to Protected Information (as defined above) but also to (a) any information copied or extracted from Protected Information; (b) all copies, excerpts, summaries, or compilations of Protected Information; and (c) any testimony, conversations, or presentations that might reveal Protected Information.

10.     The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure to a Receiving Party or becomes part of the public domain after its Disclosure to a Receiving Party as a result of Disclosure not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the Disclosure or obtained by the Receiving Party after the Disclosure from a source who obtained the information

lawfully and under no obligation of confidentiality to the Producing Party. Any use of Protected Material at trial or other public hearing shall be governed by a separate agreement or order.

## DISCLOSURE AND USE OF PROTECTED INFORMATION

11. "Confidential Information – Attorneys' Eyes Only" information may be Disclosed only to:

    (a) the Court and appropriate court personnel;

    (b) Outside Counsel for Plaintiff and Defendants in this action;

    (c) litigation support personnel working on this matter, including court reporters, court videographers, persons providing data management and analysis services, and copy vendors;

    (d) consulting or testifying experts retained for assistance in the prosecution or defense of claims in this action, provided such persons first agree in writing to be bound by this Order by signing a Declaration in the form annexed hereto as Exhibit A;

    (e) any person who is indicated on the document to be either an author or prior recipient of the Protected Information;

    (f) three designated In-House Counsel for each party who have responsibility for overseeing and directing the litigation for that party and who are disclosed to each other party prior to receiving "Confidential Information – Attorneys' Eyes Only" information; and

    (g) any other person authorized to receive such information by prior written consent of the Producing Person or prior order of this Court.

12. Confidential Information may be Disclosed only to those categories of persons included in Paragraph 11 of this Order. Confidential Information may also be Disclosed to (a) a Receiving Person's In-House Counsel and the officers, directors, employees, and other personnel who work with such In-House Counsel to whom it is reasonably necessary that the Confidential Information be shown for purposes of this action, and (b) witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action.

13. Outside Counsel for the party that obtains the signed Agreements To Be Bound By Protective Order (Exhibit A) shall retain them for one year following the Final Disposition of this action, and shall make them available in response to another party's reasonable request.

14. Protected Information produced in this action shall be used solely for the purposes of this litigation and for no other purpose.

15. In no event shall any interviewee, deponent, or witness retain any copy of Protected Information, except a deponent may retain a copy of his or her deposition transcript if he or she first agrees in writing to be bound by this Order by signing a Declaration in the form annexed hereto as Exhibit A.

16. This Order shall be binding on (a) the parties and their counsel; (b) any other person who receives Protected Information from a Producing Person or otherwise in connection with this action; and (c) any non-party who is a Producing Person.

17. If Protected Information must be filed (whether contained in source documents or in portions of a pleading or motion paper), the party must seek leave to file such Protected Information under seal pursuant to the applicable Rules and ECF procedures of the U.S. District Court for the Southern District of New York. In filing papers pursuant to this paragraph, the parties will not seek to file under seal any more of the papers than is reasonably necessary to protect

Protected Information from Disclosure. References in pleadings or motion papers filed in the public file must be sufficiently abstract so as not to Disclose the Protected Information.

18. The Producing Person may designate any or all deposition testimony given in the action as Protected Information if such designation is appropriate as provided above. If so requested, the reporter shall separately bind the portion(s) of the transcript containing Protected Information and any related exhibits, and shall mark each page of such portion(s) and exhibits with the appropriate designation pursuant to Paragraph 3 of this Order. Any Document designated as Protected Information that is introduced as an exhibit in any deposition in this action shall also be labeled with the appropriate designation.

19. Within thirty (30) days after receiving a deposition transcript, a Producing Person may request that all or a portion of the transcript be marked as Protected Information as described above. Until the expiration of thirty (30) days after the Producing Person receives a deposition transcript, or until receipt of the designation request, the entire deposition transcript will be treated as Confidential Information – Attorneys' Eyes Only. Thereafter, any portion of the transcript not designated as Protected Information shall not be so treated.

20. Any other media containing portions of a deposition designated as Protected Information, including, but not limited to, videotapes or computer disks, also shall be clearly labeled by the court reporter as such.

## **MISCELLANEOUS**

21. Any Receiving Person who receives a request or subpoena for Disclosure of such information shall within three (3) days give written notice to the Producing Person's Outside Counsel identifying the information sought and providing a copy of the request or subpoena. The person subject to the request or subpoena shall not Disclose the requested material unless: (a) the

Producing Person consents in writing; (b) the Producing Person fails to seek relief from the subpoena or request within thirty (30) days of receiving notice; or (c) notwithstanding the Producing Person's request for relief, production or Disclosure is ordered by a court of competent jurisdiction.

22. This Order shall apply to any non-party who provides discovery by deposition, production of documents, or otherwise in this action.

23. Within ninety (90) days of the Final Disposition of this action, all persons who received Protected Information governed by this Order, if requested, shall destroy all Protected Information and, if requested, shall provide a written certification of such destruction to the Producing Persons, except that Outside Counsel may retain a copy of any pleading or attorney work product, court order, or deposition, hearing or trial transcript, including any exhibits, that contain Protected Information, which shall continue to be treated as such in accordance with the terms of this Order.

24. Nothing in this Order shall be construed to require any party to commit any act, including the Disclosure of any information, that would violate any federal, state, or other law.

25. Nothing in this Order shall prohibit any party from seeking further protection for Protected Information, either by stipulation among the parties or by application to the Court.

26. Nothing in this Order shall restrict the use by a Producing Person of its own Protected Information.

27. This Order is without prejudice to a party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

28.     Neither this Order nor the Disclosure of Protected Information shall be deemed a concession or determination of the relevance, materiality, or admissibility of Protected Information governed by or Disclosed under this Order.

29.     This Order shall not prejudice any determination by the Court as to any use of Protected Information at any hearing or trial.

30.     This Order shall survive the Final Disposition of this action and shall continue in full force and effect until otherwise ordered by the Court or agreed to by the Producing Person. The Court shall retain jurisdiction to enforce or modify this Order.

31.     The parties, counsel and all other persons subject to this Order are advised that any failure to comply with this Order may be considered contempt of court and/or sanctionable conduct.

32.     If a Producing Person unintentionally Discloses information that is privileged or otherwise immune from discovery, the Producing Person shall promptly, upon discovery of such Disclosure, advise the Receiving Person in writing and request that the item or items of information be returned or sequestered, and no person shall assert that such Disclosure waived any privilege or immunity.  It is further agreed that the Receiving Person will immediately return or sequester such Disclosed information and all copies upon receiving a written request for the return or sequestration of such information.  The party having returned or sequestered such Disclosed information may seek production of any such information, including by challenging the privilege or immunity claimed by the Producing Person, but not by asserting a waiver as a result of the unintentional Disclosure (with any filing of such document being made under seal).

33.     This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Producing Person Discloses information in connection

with this action that the Producing Person thereafter claims to be privileged or protected by the attorney-client privilege or attorney work-product protection, the Disclosure of that information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Person would otherwise be entitled to assert with respect to such information. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the Disclosure of such information under this Order. This Order shall be interpreted to provide the maximum protection allowed under applicable law.

**IT IS ORDERED.**

Entered: __December 12__, 2023

_____
Valerie E. Caproni
United States District Judge

Notwithstanding anything above to the contrary, the parties must comply with Rule 5 of the Undersigned's Individual Practices in Civil Cases with respect to the of filing any redacted or sealed documents.

SO ORDERED.

12/12/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**We Jointly Ask for This:**

| | |
|---|---|
| RELEVENT SPORTS, LLC | FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION |

By: s/ *Jeffrey L. Kessler*
Jeffrey L. Kessler
Jonathan J. Amoona
Angela A. Smedley
Adam I. Dale
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
jamoona@winston.com
asmedley@winston.com
aidale@winston.com

*Counsel for Plaintiff Relevent Sports, LLC*

By: s/ *H. Christopher Boehning*
H. Christopher Boehning
Andrew C. Finch
Daniel A. Crane
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019
Tel:  (212) 373-3000
Fax:  (212) 757-3990
cboehning@paulweiss.com
afinch@paulweiss.com
dcrane@paulweiss.com

*Attorneys for Defendant FIFA*

UNITED STATES SOCCER FEDERATION INC.

By: s/ *Lawrence E. Buterman*
Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Christopher S. Yates (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
chris.yates@lw.com

*Attorneys for Defendant United States Soccer Federation, Inc.*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RELEVENT SPORTS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION and UNITED STATES SOCCER FEDERATION, INC.,<br><br>　　　　　　　　Defendants. | Civil Action No. 19-cv-8359 (VEC) |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

　　　　I hereby acknowledge that I have read the terms and restrictions of the Protective Order entered in the above-captioned civil action. I certify that I understand and agree to the terms and conditions thereof. I further acknowledge and agree that by agreeing to be bound by said Order, I submit myself to the jurisdiction of this Court for the purposes of the enforcement of said Order. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____　　　　　　　　_____ [Signature]

　　　　　　　　　　　　　　　　　　　　　_____ [Printed Name]

　　　　　　　　　　　　　　　　　　　　　_____ [Place of Employment]