**MEMO ENDORSED**

Christopher S. Yates
Direct Dial: +1.415.395.8157
Chris.Yates@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2024

<u>VIA CM-ECF</u>

April 17, 2024

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: *Relevent Sports, LLC v. Fédération Internationale de Football Ass'n et al.*, No. 19-cv-8359 (VEC)

Dear Judge Caproni:

We write in response to Your Honor's April 10 Order directing Defendant United States Soccer Federation Inc. (U.S. Soccer) to "explain[]whether it has any objection to the proposed stipulation dismissing FIFA and its position as to whether FIFA's agreement to be bound by the stipulation moots USSF's argument that FIFA is an indispensable party." Dkt No. 148. While U.S. Soccer is certainly in favor of resolving litigation, U.S. Soccer respectfully submits that in order to determine whether FIFA remains a necessary and indispensable party, U.S. Soccer and the Court should first be provided a copy of the final settlement agreement to review.

This action concerns Relevent's ability to stage official foreign league matches in the United States and whether FIFA's rules allow such games to take place (as opposed to the international friendly games which Relevent and others have promoted in the U.S. and elsewhere). Relevent alleged in its Amended Complaint that it "will continue to suffer antitrust injury unless USSF and FIFA are enjoined from continuing to implement and enforce the FIFA market division agreement and are required to sanction such games in the U.S., including games promoted by Relevent." Dkt No. 57 ¶ 177. And Relevent asserted to the Second Circuit—and the Second Circuit accepted—that FIFA's rules and directives themselves could constitute the necessary concerted action and U.S. Soccer could be deemed a co-conspirator for pleading purposes merely because of its membership in FIFA. *See Relevent Sports, LLC v. United States Soccer Fed'n, Inc.*, 61 F.4th 299, 308 (2d Cir. 2023), *petition for cert. pending*, No. 23-120 (filed Aug. 4, 2023).

FIFA was held to be a necessary and indispensable party in this litigation because, as the Court noted previously, "even if the Court were to enjoin [U.S. Soccer] from complying with the FIFA directive and order it to sanction Plaintiff's proposed matches, so long as the directive itself remains, Plaintiff will have difficulty obtaining the other approvals it needs to host a

LATHAM&WATKINS LLP

match." Op. and Order, Dkt No. 47 at 15 n.12. That outcome flowed from the fact that under FIFA's rules, not only U.S. Soccer but also Confederations and other National Federations of FIFA such as the Spanish national association, Real Federación Española de Fútbol (RFEF), must approve of matches such as the Barcelona-Girona match alleged in the complaint in order for such matches to be played outside of the country of the domestic league.

Although Relevent's April 8, 2024 letter (Dkt No. 147) says FIFA has agreed in a settlement to be bound by any injunction against U.S. Soccer, it is not clear if that agreement resolves whether FIFA remains a necessary and indispensable party. While this Court could, in theory, order U.S. Soccer to allow official foreign league matches to go forward in this country, in the absence of FIFA, this Court cannot issue an injunction that changes the applicable FIFA rule or directive—the very "concerted action" under the Second Circuit's decision. And, so long as the rule or directive remains in place, Relevent still will have the difficulties the Court previously identified in obtaining the other approvals that Relevent needs from both Confederations and National Federations (such as RFEF) to put on such matches.

In order to determine whether Relevent can proceed in this case against U.S. Soccer in the absence of FIFA, it is necessary to understand the agreement Relevent and FIFA have reached with respect to any continuation or discontinuation of the applicable FIFA rules and directives. Accordingly, U.S. Soccer respectfully requests that the Court and U.S. Soccer be provided copies of the final settlement agreement between FIFA and Relevent to review. Once U.S. Soccer has had an opportunity to review the agreement, U.S. Soccer submits that the parties should be permitted to brief or submit additional letters regarding whether FIFA remains a necessary and indispensable party to this action.

Respectfully Submitted,

LATHAM & WATKINS LLP

/s/ Christopher S. Yates

Christopher S. Yates
Attorney for Defendant
United States Soccer Federation, Inc.

---

Relevant and FIFA are directed to file a letter in response to U.S. Soccer's position by no later than April 25, 2024.

SO ORDERED.

*[signature]*  4/18/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE