PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

|                                                        |                                         |
|--------------------------------------------------------|-----------------------------------------|
| 1285 AVENUE OF THE AMERICAS                            | BEIJING            TOKYO                |
| NEW YORK, NEW YORK 10019-6064                          | HONG KONG          TORONTO              |
| TELEPHONE (212) 373-3000                               | LONDON             WASHINGTON, DC       |
|                                                        | LOS ANGELES        WILMINGTON           |
| DIRECT DIAL: (212) 373-3061                            | SAN FRANCISCO                           |
| EMAIL: CBOEHNING@PAULWEISS.COM                         |                                         |

April 19, 2024

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re:    *Relevent Sports, LLC* v. *FIFA, et al.*, Case No. 19-cv-8359 (S.D.N.Y.)

Dear Judge Caproni:

        Pursuant to Your Honor's April 18 Order (D.I. 150), we submit this letter on behalf of Defendant Fédération Internationale de Football Association ("FIFA") in response to Defendant United States Soccer Federation's ("USSF") April 17, 2024 letter (D.I. 149, the "Letter") contending that it needs to review a copy of the full settlement agreement between FIFA and Relevent (the "Settlement") before it can determine whether the proposed stipulation regarding the dismissal of FIFA from the Action (D.I. 147-1, the "Stipulation") moots USSF's argument that FIFA is an indispensable party.  For the reasons set forth herein, FIFA respectfully objects to USSF's request, and submits that the Stipulation on its face obviates the premise of this Court's finding—and indeed of USSF's entire argument, including as set forth in its Letter—that FIFA is necessary and indispensable to this Action.

        Should the Court nevertheless grant USSF's request, FIFA respectfully notes that Relevent and FIFA agreed to maintain the confidentiality of the Settlement, and accordingly requests that the Settlement be submitted to Your Honor under seal or only for *in camera* review, and that any production of the Settlement to USSF be designated "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.  (D.I. 132 ¶ 3.)

        FIFA further respectfully requests that the Stipulation be entered promptly regardless of the Court's decision on USSF's requested process.  Your Honor gave USSF an express opportunity to "explain[] whether it has any objection to the proposed stipulation dismissing FIFA" by April 17, 2024, and USSF did not assert any such objection in its Letter.  (D.I. 148; D.I. 149.)  USSF has asked to review the Settlement in furtherance of opining on the question whether FIFA remains a necessary and indispensable party, but notably advanced no argument or suggestion—even at the Court's express invitation—that such a determination

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Valerie E. Caproni                                                                          2

prevents FIFA from settling the claims against it, or should stop the Court from entering the Stipulation.  The Stipulation is therefore unopposed and should be entered.

**I.**      **The Stipulation on Its Face Moots This Court's Finding, and USSF's Argument, That FIFA Is a Necessary and Indispensable Party to This Action**

As Your Honor's Order on USSF's motion to dismiss explained, in deciding whether FIFA is necessary and indispensable to this Action, the Court must: "(i) determine whether the absent party is 'necessary' to the action under Rule 19(a) and (ii) assess whether joinder of the party is feasible, and if not, whether the party is indispensable under Rule 19(b)."  (D.I. 47 at 15 n.12.)

Your Honor's determination that FIFA was both necessary to the Action under Rule 19(a)(1)(A) and indispensable to the Action under Rule 19(b) expressly rested on the premise that the Court could not "accord Plaintiff the relief it seeks, the ability to promote and host Official Games in the United States, in FIFA's absence," because even if the Court enjoined USSF from enforcing FIFA's purported "directive" against hosting out-of-territory official season games, that injunction would not prevent FIFA from enforcing the alleged directive and sanctioning participants in any such games.  (D.I. 47 at 15 n.12 ("FIFA is a necessary party under Rule 19(a)(1)(A); the Court cannot accord Plaintiff the relief it seeks, the ability to promote and host Official Games in the United States, in FIFA's absence. . . . [E]ven if the Court were to enjoin USSF from complying with the FIFA directive and order it to sanction Plaintiff's proposed matches, so long as the directive itself remains, Plaintiff will have difficulty obtaining the other approvals it needs to host a match."); *see also id.* ("FIFA is an indispensable party under Rule 19(b) because a judgment rendered in its absence would be inadequate. As long as the FIFA directive remains, Plaintiff will likely be unable to obtain the requisite approvals to promote an official game and players will remain under threat of discipline from FIFA if they participate in such games.").)  These expressed bases for the Court's determination that FIFA is necessary and indispensable have now clearly been obviated by the Stipulation.

FIFA agreed through the Stipulation to "be bound by any injunction in this Action, including any appeal, concerning the October 26, 2018 announcement by the FIFA Council . . . or any rules, policies, or practices concerning official season games held outside of the participating league's and teams' home territory."  (D.I. 147-1 ¶ 4.)  As a result, if the Court determines that the alleged "directive" exists and is unlawful, and issues an injunction preventing its enforcement, Relevent would indisputably have complete relief.  The purported FIFA "directive" would no longer "remain" enforced and there would therefore be no possibility that Relevent would "likely be unable to obtain the requisite approvals to promote an official game," or that players would "remain under threat of discipline from FIFA if they participate" in such a match.  (D.I. 47 at 15 n.12.)  The Stipulation therefore indisputably eliminates the sole reason the Court determined FIFA was both necessary and indispensable.[1]

---

[1]   FIFA notes that, due to the nature of a necessary and indispensable party inquiry, FIFA never had the opportunity to brief the question prior to its determination.  FIFA has always been of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Valerie E. Caproni                                                                                     3

       USSF now argues in its Letter that it needs to know what if anything FIFA has agreed to do "with respect to any continuation or discontinuation of the applicable FIFA rules and directives" to determine whether FIFA is necessary and indispensable, because "so long as the rule or directive remains in place, Relevent still will have the difficulties the Court previously identified in obtaining the other approvals that Relevent needs from both Confederations and National Federations (such as RFEF) to put on such matches." (D.I. 149 at 2.)  For that question to be reached, Relevent would first need to prevail on its claims.  FIFA's consistent position in this litigation has been that there never was any "directive" prohibiting out-of-territory matches.  (*See, e.g.*, D.I. 122 at 3.)  And none of FIFA's rules or purported "directives" have been found to be unlawful.  As a result, the relevant question is not, as USSF's Letter suggests, whether FIFA's rules and "directive[s] remain[] in place" or are "discontinu[ed]." (D.I. 149 at 2.)  Instead, the relevant question is whether this Court *can* cause FIFA to "discontinu[e]" the at-issue "rules and directives" by enjoining FIFA from enforcing them in the event Relevent prevails, and thereby provide "complete relief." (*Id.*; *see supra* at 2.)  Pursuant to the Stipulation, the Court indisputably can.  If the Court were to enjoin FIFA from enforcing the alleged rule or directive at issue, as the Stipulation allows, that directive would of course no longer "remain[] in place." (D.I. 149 at 2.)  And none of the purportedly remaining "difficulties . . . in obtaining the other approvals that Relevent needs from both Confederations and National Federations (such as RFEF) to put on such matches" that USSF cites in its Letter would exist.  (*Id.*)  USSF's Letter simply does not make sense.

       Moreover, USSF's submission entirely disregards the Stipulation's provision that "FIFA agrees to consider in good faith any modifications to this Stipulation required by the Court, or any appellate court, to determine that FIFA is not an indispensable party to this action, including with respect to Relevent's claims for injunctive relief and damages against USSF." (D.I. 147-1 ¶ 5.)  Should there be modifications the Court determines FIFA could make to the Stipulation to facilitate a finding that FIFA is not a necessary and indispensable party to the Action, FIFA welcomes the Court's guidance in that regard and will consider any such modifications in good faith as set forth in the Stipulation.

---

the view that it was neither necessary nor indispensable even before the Stipulation was entered, including because—among other things—the "complete relief" inquiry is "concerned only with those who are already parties," and the core question was only whether "[Relevent] [could] obtain complete relief *as to [USSF]*" without FIFA.  *MasterCard Int'l Inc.* v. *Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (emphasis in original).  There was never any real dispute that Relevent could.  "Relevent [was never] asking the Court to direct anyone to participate in" its proposed matches.  (D.I. 45 at 9.)  Instead, the only relief Relevent was seeking was "for USSF to be barred from enforcing the [purportedly] anticompetitive FIFA Policy." (*Id.*)  That relief between the previously "existing parties" could have been afforded through an injunction against USSF alone without FIFA, even if there were "no question that further litigation" would follow between USSF and FIFA or Relevent and FIFA.  *MasterCard Int'l Inc.*, 471 F.3d at 385.  And any contrary determination would have equally mandated joinder of all relevant federations and confederations, which this Court did not require.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Valerie E. Caproni                                                                                     4

  For these reasons, FIFA respectfully submits that USSF's request for a copy of the Settlement by a briefing or letter-submission process should be denied. The Stipulation obviates the Court's necessary and indispensable party determination on its face, the Settlement itself is unnecessary to the question at hand, and the process requested by USSF would only cause prejudicial delay and significant inefficiencies.

## II. Any Production of the Settlement Should Be for *in Camera* Review or under Seal, and Designated "Confidential – Attorneys' Eyes Only"

  If the Court determines to grant USSF's request, FIFA respectfully submits that it should preserve the confidentiality of the Settlement by ordering that it be submitted only for *in camera* review or filed under seal, and produced to USSF for attorneys' eyes only. Settled law supports this result, and USSF has not requested that the Settlement be publicly filed.

  The presumption of public access to court documents attaches only to "judicial documents," and "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). For a document to be deemed "judicial," "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* The Settlement is not a judicial document here. Neither FIFA nor Relevent is asking the Court to approve it. Relevent intends to dismiss the case against FIFA pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which provides that a "plaintiff may dismiss an action *without a court order* by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." (*See* D.I. 147 at 1 (emphasis added).) And while USSF has asserted that the Settlement is required for the judicial determination of whether FIFA is necessary and indispensable, FIFA contests that position (*see supra*), and the Court may similarly decide after reviewing the Settlement that it has no incremental bearing on its determination.

  Even if the Settlement were a "judicial" document, however, it would not automatically be subject to disclosure. Rather, it would be subject to a defeatable presumption of disclosure, the "weight" of which must be determined and then balanced against countervailing interests in maintaining the Settlement's confidentiality. *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *1 (S.D.N.Y. Mar. 2, 2016); *see also Lugosch*, 435 F.3d at 119. The presumption of disclosure is "derived from two sources: the First Amendment and the common law." *In re: Gen. Motors*, 2016 WL 1317975, at *1. "The First Amendment concerns here are minimal" because "settlement materials are traditionally kept confidential, not publicly filed," and "their availability is not necessary to allow the public to follow the case or to provide the public with 'the capacity to attend the relevant proceedings.'" *Id.* The presumption must therefore be derived from common law. "The weight of the common law presumption of public access . . . depends on '(1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts.'" *Id.*

  As discussed above, the role of the full Settlement in connection with this Court's Article III judicial powers is negligible to nonexistent, and contested by FIFA. (*See supra* at 4.) The "resultant value" of the Settlement "to those monitoring the federal courts," *see id.*, is thus

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Valerie E. Caproni                                                          5

likewise negligible to nonexistent.  In stark contrast, the countervailing factors weighing in favor of maintaining the Settlement's confidentiality are exceptionally high.  "[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases." *Schoeps* v. *Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009); *see also In re: Gen. Motors*, 2016 WL 1317975, at *2 ("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement—particularly where, as here, 'a case is complex and expensive, and resolution of the case will benefit the public.'"); Arthur Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 485 (1991) ("[B]ecause settlements are agreements undertaken between and among private parties and do not involve the state, settlements should not be considered part of the public record. Settlements are more properly viewed as part of the class of private information—along with pretrial discovery materials—in which the litigation system has a limited interest.").

      As a result, FIFA respectfully requests that, if USSF's request for the Settlement is granted, the Court order that the Settlement be submitted for *in camera* review or filed under seal. Moreover, FIFA respectfully requests that the Court order that any production of the Settlement to USSF be designated "Confidential – Attorneys' Eyes Only," as FIFA and Relevent agreed to maintain its confidentiality with the understanding that it contains "highly sensitive information which, if Disclosed, may cause competitive harm," and even if the Settlement were "[d]isclosed pursuant to the terms of th[e]" Protective Order, it could "reasonably threaten significant harm to" the parties' "business interests."  (D.I. 132 at 2.)

*    *    *

      As a result of the foregoing, FIFA respectfully submits that the Stipulation facially obviates the basis of this Court's finding that FIFA was necessary and indispensable to this Action, as well as the entire premise of USSF's argument (including as set forth in its Letter) that FIFA is necessary and indispensable.  There is thus no need for USSF's requested production of the Settlement or for a further briefing process.  In the event the Court nevertheless grants USSF's request, FIFA respectfully submits that the Settlement should be submitted for *in camera* review or filed under seal, and should be designated "Confidential – Attorneys' Eyes Only" under the Protective Order.  FIFA further respectfully requests that Your Honor enter the unopposed Stipulation notwithstanding its determination of USSF's Letter request.

Respectfully Submitted,

*/s/ H. Christopher Boehning*

H. Christopher Boehning

*Counsel for FIFA*

cc:   All Counsel of Record via CM/ECF