

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

**JEFFREY L. KESSLER**
Partner
212-294-4698
JKessler@winston.com

April 19, 2024

<u>**VIA ECF**</u>

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

   Re: *Relevent Sports, LLC v. FIFA, et al.*, No. 19-cv-8359 (VEC)

Dear Judge Caproni:

   This firm represents Plaintiff Relevent Sports, LLC ("Relevent") in the above-captioned action (the "Action"). We write regarding Defendant United States Soccer Federation Inc.'s ("USSF") April 17, 2024 letter, which stated, in part, that "in order to determine whether [Fédération Internationale de Football Association ('FIFA')] remains a necessary and indispensable party, [USSF] and the Court should first be provided a copy of the final settlement agreement to review." Dkt No. 149. The Stipulation Regarding Dismissal of Defendant FIFA Without Prejudice (Dkt No. 147, the "Stipulation") is more than sufficient for USSF and the Court to conclude that FIFA is no longer a necessary or indispensable party to the continuing litigation against USSF. Accordingly, Relevent respectfully submits that it should not be required to divulge the contents of its confidential settlement agreement with FIFA.

   FIFA unequivocally agreed to "be bound by any injunction in this Action, including any appeal, concerning the October 26, 2018 announcement by the FIFA Council (as described in the Amended Complaint, ECF No. 57 ¶ 117) or any rules, policies, or practices concerning official season games held outside of the participating league's and teams' home territory (as described in the Amended Complaint)." Stipulation ¶ 4. In other words, if the Court declares as unlawful FIFA's rules and policies concerning official season games—as would be required for the Court to enjoin USSF from complying with them—FIFA agreed that it will not enforce those rules or policies. *Id.* USSF is therefore wrong to assert that "this Court cannot issue an injunction that changes the applicable FIFA rule or directive." Dkt No. 149 at 2. And to the extent that USSF or the Court requires further assurances of FIFA's commitment, FIFA agreed to "consider in good faith any modifications to th[e] Stipulation required by the Court, or any appellate court, to determine that FIFA is not an indispensable party" to the continuing litigation against USSF. Stipulation ¶ 5.

   Accordingly, the Stipulation—or any modifications which the Court may request—is specifically designed to remedy the concern the Court identified in concluding that FIFA was an



indispensable party to this Action.  *See* Dkt No. 47 at 15 n.12 ("[E]ven if the Court were to enjoin USSF from complying with the FIFA directive and order it to sanction Plaintiff's proposed matches, so long as the directive itself remains, Plaintiff will have difficulty obtaining the other approvals it needs to host a match.").  USSF does not need a copy of the settlement agreement "to understand the agreement Relevent and FIFA have reached with respect to any continuation or discontinuation of the applicable FIFA rules and directives."  Dkt No. 149 at 2.  The agreement contained in the Stipulation, which USSF and the Court already have, is more than sufficient to address the issue.

Nonetheless, if the Court believes that it or USSF should have an opportunity to review the settlement agreement, Relevent proposes that it be produced (1) to USSF under a "Confidential Information – Attorneys' Eyes Only" designation pursuant to the parties' Stipulated Protective Order because it "contain[s] highly sensitive information which, if disclosed, may cause competitive harm, or . . . could reasonably threaten significant harm to that party's business interests" (Dkt No. 132); and (2) to the Court under seal because the presumption of public access is outweighed by the Second Circuit's well-established interest in protecting the confidentiality of settlement agreements (*see In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 ("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement") (collecting authorities)).

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

*s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

cc:     All Counsel of Record (via ECF)