February 17, 2025

**VIA ECF**
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  ***Relevent Sports, LLC v. United States Soccer Federation, Inc.,***
> **No. 19-cv-8359 (JAV)**

Dear Judge Vargas:

In accordance with the Court's February 4 Order, ECF No. 190 (the "Order"), Plaintiff Relevent Sports, LLC ("Relevent") and Defendant United States Soccer Federation, Inc. ("U.S. Soccer") submit this joint status letter regarding the above-referenced litigation.

## I.  COUNSEL'S INFORMATION

Counsel's current information is reflected accurately on the docket and is copied below:

*Counsel for Plaintiff Relevent Sports, LLC*

Jeffrey L. Kessler
Jonathan J. Amoona
Angela A. Smedley
Adam I. Dale
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
jamoona@winston.com
asmedley@winston.com
aidale@winston.com

*Counsel for Defendant United States Soccer Federation*

Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Christopher S. Yates
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
chris.yates@lw.com

II.    **NATURE OF THE CASE AND PRINCIPAL DEFENSES**

### A.  Relevent's Statement of its Antitrust Claims

Relevent is a soccer event organizer that specializes in hosting and promoting top quality soccer games around the world.  Fédération Internationale de Football Association ("FIFA") is the self-declared, private, world governing body for soccer.  Under FIFA, the FIFA-recognized National Associations govern soccer in each country.  U.S. Soccer is the FIFA-recognized National Association in the United States.  Each National Association sanctions (i.e., authorizes) professional soccer leagues within its country.  In the U.S., the only top-level men's professional soccer league sanctioned by U.S. Soccer is Major League Soccer ("MLS").  U.S. Soccer is closely aligned with MLS and advocates for MLS's interests in FIFA decision-making.

In 2018, Relevent agreed with LaLiga—the top-level men's professional soccer league in Spain—to bring an official season LaLiga game to the U.S.  Under FIFA rules, in order to bring the game to the U.S., Relevent was required to secure the approval of, among others, U.S. Soccer. U.S. Soccer and MLS, however, wanted to shield MLS from having to compete against other leagues in the U.S.  To do so, U.S. Soccer spearheaded a plan to create a new FIFA rule that would give each top-level professional soccer league an exclusive geographic territory to play its official season games.  U.S. Soccer's plan worked.  On October 26, 2018, FIFA announced a new policy that prohibited all FIFA sanctioned leagues from playing official season games in each other's territories (the "FIFA Policy").  Any FIFA-sanctioned league, team or player who violates the FIFA Policy is subject to severe punishment by FIFA.  U.S. Soccer then invoked the new FIFA Policy to prohibit Relevent or any other promoter from bringing official season games from overseas soccer leagues into the U.S.  The FIFA Policy is a market division agreement that shields MLS from competition from other top-level professional soccer leagues and has been in effect since 2018.

Relevent alleges that the FIFA Policy is a horizontal, geographic market division agreement in violation of Section 1 of the Sherman Antitrust Act and accordingly is subject to per se condemnation.  *See, e.g.*, First Amended Complaint, ECF No. 57, Ex. A (letter from the U.S. Department of Justice to U.S. Soccer and FIFA stating that "[m]arket allocation is a *per se* violation of the U.S. antitrust laws" and that "FIFA could violate U.S. antitrust laws by restricting the territory in which teams can play league games").  The agreement between U.S. Soccer and the other national associations is between actual or potential competitors.  *Relevent Sports, LLC v. U.S. Soccer Fed'n, Inc.*, 61 F.4th 299, 310 (2d Cir. 2023) (U.S. Soccer's argument that "the national associations that are members of FIFA are not competitors . . . runs headlong into Relevent's allegations").  The Second Circuit has further held that "the very promulgation of [the FIFA] Policy" in 2018 "is direct evidence of an agreement" and that Relevent "plausibly allege[d] that in adopting the 2018 Policy, FIFA and its member associations adopted an anticompetitive geographic market division."  *See Relevent Sports*, 61 F.4th at 310.  Because all FIFA-sanctioned professional soccer leagues, clubs, and players face the risk of FIFA-imposed penalties if they violate the FIFA Policy, Relevent has been blocked from promoting and hosting international official season soccer games in the U.S, suffering antitrust injury and damages. Fans and sponsors of professional soccer in the U.S. have also been deprived of the opportunity to attend and sponsor such games.

Any arguments U.S. Soccer raises that the FIFA Policy is not subject to *per se* condemnation on the basis that sports organizations are exempt from the *per se* rule are without merit. Indeed, this same argument was recently advanced by counsel for U.S. Soccer in the Ninth Circuit, which rejected it and held that the *per se* rule can be applied to rules restricting competition between members of an international sports association. *See Shields v. World Aquatics*, No. 23-15092, 2024 WL 4211477 (9th Cir. Sept. 17, 2024) *rehr'g denied*, 2024 U.S. App. LEXIS 29939 (Nov. 25, 2024). Even if quick look review or the full rule of reason is applied, Relevent's claim meets those Section 1 standards too. The two cases cited by U.S. Soccer below in which it prevailed at a jury trial—*Fraser v. MLS* and *NASL v. U.S. Soccer and MLS*—both withstood summary judgment motions against liability, and were decided by their respective juries solely on relevant market grounds which are inapposite to the issues in this case.

Additionally, none of the claims or issues arising from this litigation provide a basis for U.S. Soccer to invoke an earlier 2016 settlement agreement between Relevent and U.S. Soccer as a bar to Relevent's claims. U.S. Soccer has repeatedly argued—since 2019—in its motion to dismiss briefing that the 2016 release and covenant not to sue preclude Relevent's claims in this action. ECF Nos. 33, 66, 130. Despite these assertions, Judge Caproni ordered a schedule to prepare this case for trial, both before and after FIFA's dismissal from this case. ECF Nos. 110, 179; *see also* July 20, 2023 Hr'g Tr. 2:18 (Judge Caproni: "we're here to set a schedule, which I intend to do").

Relevent is seeking: (1) to permanently enjoin U.S. Soccer from continuing to participate in or enforce the FIFA Policy; (2) treble damages for the injuries Relevent suffered as a result of U.S. Soccer's participation in, and enforcement of, the FIFA Policy; and (3) Relevent's attorneys' fees and costs in accordance with Section 4 of the Clayton Act (15 U.S.C. § 15). FIFA was previously an additional defendant in this action, but on April 3, 2024, Relevent and FIFA entered a settlement agreement and Relevent dismissed FIFA from this litigation without prejudice. As part of that settlement, FIFA stipulated that it will "be bound by any injunction in this Action, including any appeal, concerning the October 26, 2018 announcement by the FIFA Council (as described in the Amended Complaint, ECF No. 57 ¶ 117) [the FIFA Policy] or any rules, policies, or practices concerning official season games held outside of the participating league's and team's home territory (as described in the Amended Complaint)." ECF No. 147-1 ¶ 4. During a subsequent hearing, FIFA's counsel confirmed that "to the extent the Court ultimately concludes that the [FIFA Policy] is a violation, FIFA will not enforce the rule." May 2, 2024 Hr'g Tr. 8:10–11. Relevent's settlement with FIFA moots U.S. Soccer's arguments that FIFA is a necessary or indispensable party because that settlement provides for FIFA to abide by and be bound by any decision of this Court enjoining the challenged FIFA Policy. ECF No. 147-1.

Instead of ad hominem attacks on plaintiff's counsel, U.S. Soccer should devote itself to defending the merits of this case, which challenges a written horizontal market division that is a blatant violation of Section 1 of the Sherman Act.

## B.  U.S. Soccer's Statement of its Principal Defenses

For almost 30 years, Plaintiff's counsel has been suing U.S. Soccer, raising in various forms the same claim it presents here—that U.S. Soccer and MLS conspire in violation of the antitrust laws to benefit MLS and avoid competition in men's professional soccer. At every turn, those

efforts have failed.  In 2000, a jury rejected counsel's claims that U.S. Soccer and MLS conspired to monopolize a purported Division 1 men's professional soccer league market for player services in *Fraser v. MLS*, 97-CV-10342 (D. Mass.).  And, just two weeks ago, a jury in the Eastern District of New York took less than two hours to reject Plaintiff's counsel's baseless claims of a U.S. Soccer/MLS conspiracy to run a fledgling men's professional soccer league out of business in *NASL v. U.S. Soccer and MLS*, 17–CV–05495 (EDNY).  This case should fare no better.  Indeed, Judge Caproni already dismissed Plaintiff's claims in this case twice, finding counsel's everchanging conspiracy theories to be legally infirm.  Those are not, as Plaintiff's counsel suggests, ad hominem attacks; they are indisputable realities.  U.S. Soccer respectfully submits that its pending third motion to dismiss should likewise be granted, and this matter dismissed with prejudice.

U.S. Soccer is the not-for-profit national governing body for soccer in the United States under the Ted Stevens Olympic and Amateur Sports Act.  Its mission is to grow the sport of soccer at all levels in this country, including youth soccer, amateur soccer, professional soccer and our men's and women's national teams.  U.S. Soccer is required to remain a member of FIFA, the world governing body of soccer.  FIFA's regulations require member associations to comply fully with FIFA's statutes, regulations, directives, and decisions.  Failure to adhere may result in expulsion or other penalties by FIFA, which could, for example, jeopardize the eligibility of the U.S. men's and women's national teams for the Olympics and World Cups.  FIFA has long had a rule that official season games for professional leagues are to be played in the home territory of the league, absent exceptional circumstances.  Any exceptions require permission from multiple entities, including the local and host national governing bodies, the respective regional confederations, and FIFA.  FIFA, in the 2018 press release that Relevent dubs the "FIFA Policy" simply reiterated that principle.  Notwithstanding, and contrary to Relevent's claims of a massive conspiracy, U.S. Soccer has only ever rejected one application from Relevent to promote a foreign league match in the United States—a 2019 application to promote a match between two Ecuadorian teams in Florida.

A primary problem with Relevent's claims is that they are barred by the terms of a release and covenant not to sue contained in a 2016 settlement agreement.  In 2016, U.S. Soccer and Relevent entered into an agreement to resolve Relevent's threatened claims regarding U.S. Soccer's authority to sanction international soccer matches and charge corresponding fees, and as part of that the parties entered into standard reciprocal releases.  The agreement extended to "all International Games promoted in the United States which take place on and after June 1, 2016." ECF No. 34-6, Art. 2.  While U.S. Soccer did advance the issue of the release and covenant not to sue in its prior motions to dismiss, Judge Caproni did not need to address those arguments since the court dismissed Relevent's claims on other bases.

Moreover, consistent with Judge Caproni's prior ruling that FIFA is a necessary and indispensable party, ECF No. 47 n. 12, Relevent's claim for injunctive relief must be dismissed.  Though Relevent previously named FIFA as a defendant in this action, last year it voluntarily dismissed FIFA.  Accordingly, the Court lacks any mechanism to enforce settlement terms or orders on FIFA.  Relevent's argument that there is no Rule 19 issue because FIFA has promised Relevent that it will abide by future decisions of the Court is wholly without merit and lacks any legal support.

Additionally, if allowed to proceed, Relevent's Section 1 claim must be evaluated under the rule of reason because of the vertical relationship between FIFA, regional confederations, national associations, and leagues and teams. Relevent cannot prove its alleged relevant market of top-tier men's professional soccer games, which is implausibly narrow and excludes obvious reasonable substitutes, or harm to competition in that market. Indeed, the juries in both *Fraser* and *NASL* rejected the precise market definition that Relevent's counsel once again proposes here. Relevent's focus on different allegations in different cases involving different sports with different organizational structures reflects the obvious weaknesses in its proposed market definition in this matter. Further, Relevent cannot prove it suffered antitrust injury from the alleged agreement, including because its claimed injury is indirect and derivative of the leagues and teams who actually participate in the alleged market for top-tier men's professional soccer games. Relevent also cannot show U.S. Soccer's alleged conduct was the cause of its alleged injury.

### III.     <u>JURISDICTION AND VENUE</u>

Relevent asserts that this Court has subject matter jurisdiction over Relevent's antitrust claim pursuant to 28 U.S.C. §§ 1331 and 1337 because Relevent's claim arises under laws of the U.S. that regulate commerce and protect commerce against restraints and monopolies: Section 4 of the Clayton Act (15 U.S.C. § 15), Section 16 of the Clayton Act (15 U.S.C. § 26) and Section 1 of the Sherman Act (15 U.S.C. § 1).

Relevent asserts that this Court has *in personam* jurisdiction over U.S. Soccer because U.S. Soccer (a) transacts substantial business in this District; (b) is incorporated in this District under New York law; (c) engages in the alleged antitrust violations in substantial part in this District; (d) organizes and holds games in this District; (e) authorizes and oversees entities and games in this District and receives fees for men's professional soccer games played in this District, including for games promoted by Relevent; (f) adheres to and implements the FIFA Policy that Relevent alleges is expressly aimed at, is intended to have, and has had, an anticompetitive effect on commerce in this District (including by precluding competition from Relevent, which is headquartered in this District); and (g) has substantial aggregate contacts with the U.S., generally, including in this District.

Relevent asserts that venue is proper in this Court pursuant to Section 12 of the Clayton Act (15 U.S.C. § 22), and 28 U.S.C. §§ 1391(b), (c) and (d) because U.S. Soccer does business in, has agents in, and is found in or transacts business in this District and Relevent alleges that a substantial part of the events giving rise to its claims occurred in this District, a substantial portion of the affected interstate trade and commerce has been carried out in this District, and U.S. Soccer aimed its anticompetitive conduct at Relevent in this District. Relevent also has its principal place of business in this District.

While U.S. Soccer is not contesting jurisdiction or venue in this matter, it disagrees with the unnecessarily argumentative nature of Relevent's proposed bases for jurisdiction and venue.

IV.    **EXISTING DEADLINES**

The parties' deadline to complete fact discovery is August 29, 2025.  ECF No. 179.  Relatedly, the parties have agreed to begin rolling productions of documents responsive to both parties' requests for production by no later than February 17 and to substantially complete those document productions by April 11, 2025.  ECF No. 183.

The parties will otherwise update the Court on their discovery progress through monthly status letters, due on the 15th of each month.  ECF No. 110.

V.    **UPCOMING CONFERENCE DATES**

There are currently no upcoming conference dates.

VI.    **OUTSTANDING MOTIONS**

On November 1, 2024, U.S. Soccer filed its second motion to dismiss the amended complaint.  ECF No. 180.  Relevent filed its opposition to U.S. Soccer's motion on December 2, 2024.  ECF No. 186.  On December 16, 2024, U.S. Soccer filed its reply in support of its motion to dismiss the amended complaint.  ECF No. 188.  Oral argument has not been scheduled and the motion remains pending.

VII.    **PENDING APPEALS**

There are currently no pending appeals in this case.

VIII.    **DISCOVERY**

The parties are in the early stages of discovery.  Relevent served its First Set of Requests for Production to U.S. Soccer on November 9, 2023, and First Set of Interrogatories to U.S. Soccer on May 31, 2024.  Following a temporary stay of discovery, which was lifted on October 2, 2024 (*see* ECF No. 179), U.S. Soccer served its First Set of Requests for Production to Relevent on November 8, 2024, and its First Set of Interrogatories to Relevent on November 13, 2024.  The parties have exchanged written responses and objections, reached agreement with respect to custodians and search terms for their respective document productions, and will begin rolling productions by February 17.  Document productions will be substantially completed by April 11, 2025.

No depositions have yet taken place, but the parties will complete any fact witness depositions by the fact discovery deadline of August 29, 2025.  The parties also anticipate conducting expert discovery, consisting of both antitrust liability and damages experts.

IX.    **SETTLEMENT DISCUSSIONS**

During the summer of 2023, Relevent and U.S. Soccer exchanged several settlement proposals but were unable to resolve the matter.  Subsequently, Relevent and FIFA continued their settlement discussions, which were ultimately successful.

On April 3, 2024, FIFA and Relevent executed a settlement agreement and Relevent dismissed FIFA from this litigation without prejudice.

After the settlement with FIFA, Relevent and U.S. Soccer re-engaged in settlement discussions. Following a status conference on May 2, 2024, the parties were referred to a settlement conference with Magistrate Judge Moses. ECF No. 166. That conference was held on September 24, 2024, but was unsuccessful. ECF No. 174. Since then, principals for both parties have engaged in settlement discussions but have not reached an agreement.

## X.    ALTERNATE DISPUTE RESOLUTION MECHANISMS

As described above, the parties participated in a settlement conference before Magistrate Judge Moses on September 24, 2024. The parties do not believe that additional court-assisted mediation will be productive at this time but will notify the Court if their views change.

## XI.    ADDITIONAL PROCEDURAL HISTORY

Relevent initially filed this litigation against U.S. Soccer only. On July 20, 2020, the Court (Judge Caproni) dismissed without prejudice Relevent's Complaint on the basis that Relevent had not adequately alleged facts showing that U.S. Soccer was part of a vertical agreement with FIFA or horizontal agreement with FIFA and other national associations, leagues, and teams in restraint of trade. ECF No. 47. It also found that FIFA was a necessary and indispensable party for Relevent's injunctive relief claims. ECF No. 47. On September 14, 2020, Relevent filed an Amended Complaint, adding FIFA as a party. ECF No. 57. On July 20, 2021, the Court dismissed Relevent's Amended Complaint, finding that it failed to allege a vertical agreement between FIFA and U.S. Soccer or horizontal agreement among U.S. Soccer, FIFA, the other national associations, leagues, and teams. ECF No. 96. Relevent timely appealed. ECF Nos. 100, 104, 104-1. The Department of Justice's Antitrust Division filed an amicus brief and joined Relevent in arguing for reversal. *U.S. Soccer v. Relevent*, No. 21-2088, ECF No. 44 (2d Cir. 2021). On March 7, 2023, the Second Circuit reversed, finding that, as Relevent alleged, the FIFA Policy itself constitutes an agreement for purposes of Section 1 of the Sherman Act. ECF Nos. 104, 104-1. U.S. Soccer's motions for panel rehearing or rehearing *en banc*, to stay the mandate, and for a *writ of certiorari* were all denied. No. 21-2088, ECF Nos. 146, 147, 155, 165; *U.S. Soccer v. Relevent*, 144 S. Ct. 1391 (2024).

On December 11, 2023, U.S. Soccer and FIFA filed motions to dismiss the Amended Complaint, renewing arguments that the Court did not rule on in its July 20, 2021 Opinion and Order, as well as raising additional arguments based on the Second Circuit's decision. ECF Nos. 122, 130. Those motions were fully briefed as of February 28, 2024. On May 8, 2024, Relevent filed a notice of voluntary dismissal of FIFA, ECF No. 158, and on May 9, 2024, U.S. Soccer and Relevent requested a referral to a judicial settlement conference. In light of that settlement conference, the Court issued a limited stay of discovery and dismissed U.S. Soccer's motion to dismiss without prejudice. ECF No. 168. U.S. Soccer's motion to dismiss was renewed following that settlement conference, ECF No. 180, and is currently pending.

*        *        *

In accordance with the Order, the parties will submit another joint status update on March 17.

Respectfully submitted,

<u>s/ Jeffrey L. Kessler</u>
Jeffrey L. Kessler
Jonathan J. Amoona
Angela A. Smedley
Adam I. Dale
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
jamoona@winston.com
asmedley@winston.com
aidale@winston.com

*Counsel for Relevent Sports, LLC*

<u>s/ Lawrence E. Buterman</u>
Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Christopher S. Yates (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
chris.yates@lw.com

*Counsel for Defendant United States Soccer Federation*